**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6248**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES PYNE,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District
Judge. (8:04-cr-00018-AW-3)

Submitted: June 19, 2013          Decided: July 15, 2013

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles Pyne, Appellant Pro Se. Barbara Suzanne Skalla,
Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Pyne appeals the district court's order denying his Fed. R. Civ. P. 60(b)(4) motion, which sought vacatur of the court's October 2012 order denying his motions for expedited relief and transfer. Although we typically review the denial of a Rule 60(b) motion for abuse of discretion, MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008), where a motion seeks vacatur of an order or judgment on the basis that it is void under Rule 60(b)(4), our review is de novo. Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998); see Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 107 (4th Cir. 1979) (stating that motions "under [Rule] 60(b) on any ground other than that the judgment is void" are reviewed for abuse of discretion). In ruling on an appeal from the denial of a Rule 60(b) motion, we may not review the merits of the underlying order, but instead "may only review the denial of the motion with respect to the grounds set forth in Rule 60(b)." MLC Auto., LLC, 532 F.3d at 277 (internal quotation marks omitted).

Having reviewed the record, we conclude that the district court did not reversibly err in denying the Rule 60(b)(4) motion because none of the three criteria for granting the motion was met in this case. See Eberhardt v. Integrated Design & Const., Inc., 167 F.3d 861, 871 (4th Cir. 1999)

2

(stating that a judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law" (internal quotation marks omitted)). Accordingly, we affirm the district court's order. United States v. Pyne, No. 8:04-cr-00018-AW-3 (D. Md. Feb. 8, 2013). We deny Pyne's motion to remand the case and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED